# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| DARRELL WOODS, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:16-CV-6-NAB |
| | ) |
| JONATHAN LEWIS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Darrell Woods for leave to commence this action without payment of the required filing fee. The Court will grant the motion and assess an initial partial filing fee of $4.33, which is twenty percent of plaintiff's average six-month deposit. *See* 28 U.S.C. § 1915(b)(1). Furthermore, as set forth below, the Court will instruct the Clerk to issue process on the complaint as to certain claims against defendant Jonathan Lewis in his individual capacity and will dismiss the complaint in all other respects.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in

either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with

alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff, an inmate at the Jefferson City Correctional Center, brings this action pursuant to 42 U.S.C. §§ 1983 and 1985 for the violation of his constitutional rights at the Northeast Correctional Center ("NECC"). In addition, plaintiff asserts pendent state-law claims for negligence and "harassment," which the Court will liberally construe as claims for negligence and negligent infliction of emotional distress. The named defendants are Missouri Department of Corrections employees Jonathan Lewis (NECC Correctional Officer), Justin Golian (NECC Correctional Officer), Randy Ochs (NECC Correctional Officer), Ricky Hays (NECC Caseworker), James Hurley (NECC Warden), and Alan Earls

(Deputy Division Director). Plaintiff is suing defendants in both their individual and official capacities.

Liberally construing the complaint, plaintiff is alleging that defendant Lewis violated his First, Eighth, and Fourteenth Amendment rights in June and July 2015, when he "watched [plaintiff] . . . in the shower for sexual[ly] motivated reasons." In addition, plaintiff states that on June 30, 2015, "Lewis blew kisses at [him] while standing outside of [plaintiff's] cell." When plaintiff advised Lewis he would be filing a complaint against him for voyeurism, Lewis allegedly issued plaintiff a false conduct violation for sexual misconduct. Plaintiff further alleges that defendants Golian, Ochs, Hays, Hurley, and Earls failed to give plaintiff an I.R.R., failed to process plaintiff's voyeurism complaint, failed to investigate the conduct violation that Lewis had lodged against plaintiff, and failed to respond to plaintiff's grievances. Last, plaintiff complains that he was found guilty of the sexual misconduct violation and was unconstitutionally confined twenty days in disciplinary segregation, in violation of his due process rights.

## Discussion

### I. Section 1985 Claims

Plaintiff summarily alleges that he is asserting "civil rights conspiracy claims" against defendants pursuant to 42 U.S.C. § 1985. Plaintiff believes that

defendants conspired against him "when they failed to process [his voyeurism] complaint," when defendant Hays "failed to deliver [him] an I.R.R. to file in regards to [the] complaint," and when defendants Hurley and Earls "failed to do their job and conduct at least a 'minimal investigation, and/or . . . turned a blind eye to the constitutional violations, and completely failed to correct them."

Title 42 U.S.C. § 1985 concerns conspiracies to interfere with civil rights. Although plaintiff does not specify under which subsection of § 1985 he is proceeding, the Court will liberally construe the allegations under § 1985(3), which provides in pertinent part:

> If two or more persons . . . conspire . . . for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

Thus, to state a claim under § 1985(3), a plaintiff must establish that (1) he is a member of a class suffering from invidious discrimination; and (2) defendants' actions were motivated by racial animus or some other type of class-based discrimination. *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 834-39 (1983); *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971) (plaintiff must allege these two elements to state § 1985(3) claim). In the instant action, nothing in

the complaint indicates that plaintiff is a member of a protected class or that defendants were motivated by purposeful discrimination. As such, plaintiff's § 1985(3) claims will be dismissed as legally frivolous as to all defendants.

## II. Section 1983 Claims

Plaintiff is suing defendants in their official and individual capacities for the violation of his First, Eighth, and Fourteenth Amendment rights.

### A. Official Capacity Claims

Defendants are employees of the Missouri Department of Corrections. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* Thus, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to all defendants in their official capacities. The Court will dismiss plaintiff's official capacity claims as to all defendants.

### B. Individual Capacity Claims against Jonathan Lewis

Plaintiff alleges that defendant Lewis violated his First, Eighth, and Fourteenth Amendment rights in June and July 2015, when he "watched [plaintiff]

. . . in the shower for sexual[ly] motivated reasons." Plaintiff adds that Lewis blew kisses as him on June 30, 2015. When plaintiff advised Lewis that he would be filing a complaint against him for voyeurism, Lewis allegedly retaliated by issuing plaintiff a false conduct violation for sexual misconduct. Furthermore, plaintiff complains that, in violation of his due process rights, he spent twenty days in disciplinary segregation after having been found guilty of the false conduct violation.

The Court finds that plaintiff has stated actionable claims for relief against Jonathan Lewis in his individual capacity relative to the violation of his First and Eighth Amendment rights. Therefore, the Court will order defendant Jonathan Lewis to file a responsive pleading to these claims in his individual capacity. *See* 42 U.S.C. § 1997e(g)(2).

The Court will dismiss plaintiff's due process claims. Plaintiff's allegations simply do not indicate that he has suffered the type of atypical and significant hardship in which the state might conceivably create a liberty interest. *Cf. Sandin v. Conner*, 515 U.S. 472, 485-86 (1995) (no atypical and significant hardship where inmate spent thirty days in solitary confinement); *Jones v. Baker*, 155 F.3d 810, 812-13 (6th Cir. 1998) (same; two and a half years in administrative segregation); *Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997) (same; four days

locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation); *Freitas v. Ault*, 109 F.3d 1335, 1337-38 (8th Cir. 1997) (same; ten days administrative segregation and thirty days on "on-call" status, as well as loss of higher paying job and numerous privileges); *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996) (same; ten days disciplinary detention and 100 days in maximum-security cell); *Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996) (same; fifteen days of highest-level disciplinary detention and 107 days of less-restrictive disciplinary detention).

### C. Individual Capacity Claims against Justin Golian, Randy Ochs, Ricky Hays, James Hurley, and Alan Earls

Plaintiff alleges that defendant Golian was "the supervisor who interviewed [him] in regard[] to the false c.d.v.," and who failed in his "duty to make sure the c.d.v. was sound." Plaintiff further alleges that Golian and Ochs "completely failed to process" his sexual harassment complaint. Regarding defendant Hays, plaintiff asserts that he "deliberately failed to deliver [him] and I.R.R." Plaintiff claims that defendant Hurley failed to respond to a grievance and "deliberately failed to correct the violations in the course of his supervisory responsibilities and affirmed the plaintiff's disciplinary convictions." As to defendant Earls, plaintiff alleges that he "deliberately adopted [Hurley's] false response."

Plaintiff's allegations that defendants did not adequately consider his grievances do not state an actionable constitutional claim. *See Buckley v. Barlow,* 997 F.2d 494, 495 (8t Cir. 1993) (prison officials' failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate). Moreover, "A supervisor may not be held liable under § 1983 for the constitutional violations of a subordinate on a respondeat superior theory." *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001) (citing *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir.1995)). As such, these claims will be dismissed as legally frivolous. The Court will also dismiss plaintiff's due process claims against defendants Golian, Ochs, Hays, Hurley, and Earls on the same grounds that these claims were dismissed against defendant Lewis, as set forth above.

### III. State-Law Claims

Plaintiff's claims for negligence and negligent infliction of emotional distress against defendant Jonathan Lewis are sufficient to proceed at this time. As to all other defendants, the state claims will be dismissed, without prejudice. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Hassett v. Lemay Bank & Trust Co.*,851 F.2d 1127, 1130 (8th

Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion"); see also *Iqbal*, 129 S. Ct. at 1949-51 (allegations that are mere conclusions and recitals of the elements of a cause of action are not entitled to the assumption of truth).

Thus, to summarize, the Court will dismiss the complaint, without prejudice, as to defendants Justin Golian, Randy Ochs, Ricky Hays, James Hurley, and Alan Earls, and will allow process to issue on defendant Jonathan Lewis, as set forth below.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $4.33 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without first showing good cause, the Court will dismiss this action without prejudice and without further notice to plaintiff.

**IT IS FURTHER ORDERED** that, as to defendants Justin Golian, Randy Ochs, Ricky Hays, James Hurley, and Alan Earls, the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to defendant Jonathan Lewis in his individual capacity, the Clerk shall issue process or cause process to be issued upon the complaint relative to plaintiff's First and Eighth Amendment claims under 42 U.S.C. § 1983, as well as his pendent state-law claims.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED**, without prejudice, as to defendant Jonathan Lewis in all other respects. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, in his individual capacity and consistent with this Order, defendant Jonathan Lewis shall file an answer or other responsive pleading directed to the complaint, consistent with this Memorandum and Order, within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this ___3rd____ day of ____June, 2016.

\s\ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**