UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DARRELL WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:16 CV 6 CDP |
| ) | |
| JONATHAN LEWIS, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

Plaintiff Darrell Woods moves for the appointment of counsel to assist him in this prisoner civil rights action. Because Woods has demonstrated an adequate ability to present his claims to this Court, I will deny the motion. I will also deny Woods' request that I sanction or enter default against the defendant. I find that defendant has adequately complied with my Order on Woods' motion to compel.

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In deciding whether to appoint counsel for an indigent plaintiff, I should consider relevant factors, including the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claims. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).

Woods has presented non-frivolous allegations in his complaint and has demonstrated that he can adequately present his claims to the Court. Moreover, neither the factual nor the legal issues in this case are complex. Woods claims that defendant Jonathan Lewis, a correctional officer, subjected him to sexual voyeurism in violation of the Eighth Amendment and retaliated against him in violation of the First Amendment when Woods filed a grievance relating to the alleged unconstitutional conduct. Further, Woods has actively engaged in the discovery process under the Federal Rules of Civil Procedure, obtaining access to requested documents and successfully prosecuting a motion to compel; and he has submitted his opposition to Lewis's motion for summary judgment in compliance with the federal rules, the local rules of this Court, and with my Orders. Whether conflicting evidence or testimony exists in this case will become apparent upon consideration of the summary judgment motion. I will therefore deny Woods' motion for the appointment of counsel.

To the extent Woods moves for sanctions and/or default against Lewis, my review of the motion and Lewis's response shows Lewis to have produced the documents as ordered in my earlier ruling on Woods' motion to compel. Although Woods complains that Lewis produced the documents for inspection only and did not provide copies, this form of production adequately satisfies the federal rules in the circumstances of this case. Further, my review of Woods' response to Lewis's

motion for summary judgment shows that Woods was not prejudiced by his failure to have actual copies of these documents.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Appointment of Counsel [31] is denied without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Sanctions or, in the Alternative, for Entry of Default [32] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of July, 2017.