UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| DARRELL WOODS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 2:16 CV 06 CDP |
|  | ) |  |
| JONATHAN LEWIS, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**MEMORANDUM AND ORDER**

Missouri state prisoner Darrell Woods brings this civil rights action under 42 U.S.C. § 1983 claiming that defendant Jonathan Lewis, a correctional officer at Northeast Correctional Center, violated his Eighth Amendment rights when Lewis watched him in the shower for sexually motivated reasons and blew kisses at him in his cell. Woods also claims that Lewis violated his First Amendment rights when he issued a conduct violation in retaliation for Woods' stated intention to file a complaint.[1] Woods also brings supplemental state law claims of negligence and negligent infliction of emotional distress. Because there are no genuine issues of material fact and the undisputed evidence shows no violation of Woods' constitutional rights, I will grant Lewis's motion for summary judgment on

---

[1] Woods' claims against several other defendants, as well as all of his § 1985 claims and due process claims, were previously dismissed from this action. (Memo. & Order, ECF 4.) Lewis is the only remaining defendant in the case.

Woods' constitutional claims. I decline to exercise supplemental jurisdiction over his state law claims.

## Background[2]

At all times relevant to his complaint, Woods was incarcerated at Northeast Correctional Center (NECC). He currently is incarcerated at Jefferson City Correctional Center.

In his complaint, Woods claims that on June 24, 2015, Lewis watched him in the shower, which constitutes sexual abuse under prison policy. He also claims that when he told Lewis that he was going to file a complaint against him under the Prison Rape Elimination Act (PREA),[3] Lewis issued him a conduct violation. Finally, Woods contends that a week later, Lewis blew kisses to him from outside Woods' cell.

Woods claims that Lewis's conduct toward him was sexually motivated, and that Lewis issued the conduct violation in retaliation for Woods' threatened complaint. Lewis moves for summary judgment, arguing that the undisputed evidence shows that the conduct alleged by Woods does not rise to the level of constitutional violations. Lewis further argues that he is entitled to qualified immunity on Woods' claims.

---

[2] This general background is provided here only to summarize the claims raised in Woods' complaint.
[3] 34 U.S.C. §§ 30301, *et seq.*

## Summary Judgment Standard

When considering a motion for summary judgment, I must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). As the moving party, defendant must establish that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). A verified complaint is equivalent to an affidavit for summary judgment purposes. *Hanks v. Prachar*, 457 F.3d 774, 775 (8th Cir. 2006) (per curiam).

At the summary judgment stage, courts do not weigh the evidence and decide the truth of the matter, but rather determine if there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. However, summary judgment may be appropriate "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it[.]" *Scott v. Harris*, 550 U.S. 372, 380 (2007). In such circumstances, the mere existence of some alleged factual dispute will not serve to defeat summary

judgment; instead, the factual dispute must be "genuine." *Id.*

In § 1983 actions, qualified immunity shields government officials from suit unless their conduct violated a clearly established right of which a reasonable official would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640 (1987). For a plaintiff to overcome qualified immunity, existing precedent must have placed the constitutional question "'beyond debate.'" *City & Cnty. of S.F., Calif. v. Sheehan,* 135 S. Ct. 1765, 1774 (2015) (quoting *Ashcroft v. al-Kidd,* 563 U.S. 731, 741 (2011)). "When properly applied, [qualified immunity] protects all but the plainly incompetent or those who knowingly violate the law." *Ashcroft,* 563 U.S. at 743 (alteration added) (internal quotation marks and citation omitted).

The evidence before the Court, including Woods' verified complaint, shows that Lewis's alleged conduct did not amount to constitutional violations, and no genuine issue of material fact exists for trial. For the following reasons, Lewis has shown that he is entitled to judgment as a matter of law on Woods' constitutional claims, and I will grant his motion for summary judgment.

**Evidence Before the Court on the Motion**

In June or July 2015, Lewis was a utility corrections officer at NECC

assigned to shower duty. His duties included escorting inmates to the shower and removing their restraints so they could shower. Inmates are allowed ten minutes to shower.[4] Inmates are escorted from the shower when they are observed standing at the shower door.[5]

On June 24, Lewis escorted Woods to the shower. Lewis believed that Woods exceeded his ten-minute allotment in the shower, so he looked in to check on Woods' well-being and to tell him to finish.[6] Woods told Lewis that he had no business watching him in the shower and told Lewis to leave. Woods also told Lewis that he would be filing a PREA complaint.[7] Lewis said nothing nor made any facial expressions indicating that he looked into the shower for sexual gratification. Nor did Lewis have any physical contact with Woods.[8]

Under Missouri Department of Corrections' policy, sexual abuse of an offender includes voyeurism by a staff member of an offender for reasons unrelated to official duties.[9]

When Lewis went to Woods' shower on June 24 to tell him to hurry up, he observed Woods masturbating.[10] Woods denies this conduct.[11] Lewis issued a

---

[4] Deft.'s Exh. B (ECF 40-2).
[5] Pltf.'s Exh. A (ECF 43-1).
[6] Deft.'s Exh. A (ECF 40-1) at 14-15, 25; Deft.'s Exh. B.
[7] Deft.'s Exh. A at 28, 53.
[8] *Id.* at 29-30; Deft.'s Exh. B.
[9] Pltf.'s Exh. D (ECF 43-4).
[10] Deft's Exh. B.
[11] Pltf.'s Exh. A at para. 18.

conduct violation to Woods that same date for sexual misconduct, creating a disturbance, and disobeying an order.[12] Woods was later found guilty of the violation.[13]

In his verified complaint, Woods claims that Lewis stood outside of his cell on June 30 and blew kisses to him.[14] Lewis denies this conduct.[15]

## Discussion

A. <u>Sexual Abuse / Harassment – Eighth Amendment</u>

The Eighth Amendment protects "the basic concept of human dignity" and forbids conduct that is "so totally without penological justification that it results in the gratuitous infliction of suffering." *Gregg v. Georgia*, 428 U.S. 153, 182-83 (1976). Because sexual abuse or harassment of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the unnecessary and wanton infliction of pain, in violation of the Eighth Amendment. *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997). To prevail on an Eighth Amendment claim of sexual abuse or harassment, therefore, the inmate must prove, as an objective matter, that the alleged offensive conduct caused pain and, as a subjective matter, that the officer acted with a sufficiently culpable state

---

[12] Deft.'s Exhs. B, C.
[13] Deft.'s Exh. D (ECF 40-4).
[14] Pltf.'s Compl. (ECF 1); *see also* Deft.'s Exh. A.
[15] Deft.'s Exh. B.

of mind. *Id.*

Woods claims that he experienced fear, anxiety, and worry from Lewis watching him in the shower. Assuming for purposes of this discussion that this is sufficient to satisfy the objective component of an Eighth Amendment claim, the undisputed evidence before the Court shows that Lewis did not act with a culpable state of mind. Lewis attests that his conduct was not sexually motivated but rather was driven by Woods' delay in the shower and his concern for Woods' well-being. Woods presents nothing to rebut this showing that Lewis's conduct was for a legitimate penological purpose and was not intended to cause harm. Woods therefore fails to establish the subjective element of an Eighth Amendment claim.

To the extent a dispute exists as to whether Lewis blew kisses to Woods from outside Woods' cell, this fact is not material to Woods' constitutional claim. "Simply blowing kisses to an inmate does not make out a constitutional cause of action." *Burkholder v. Newton*, 116 F. App'x 358, 360 (3d Cir. 2004). The conduct, while unprofessional, is not so "repugnant to the conscience of mankind" to give rise to an Eighth Amendment claim. *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992).

Lewis is therefore entitled to summary judgment on Woods' Eighth Amendment claims of sexual abuse and harassment.

B.  Retaliation – First Amendment

Woods claims that Lewis issued him the conduct violation in retaliation for Woods' statement that he was going to file a PREA complaint against him.

> An inmate may maintain a cause of action for retaliatory discipline under 42 U.S.C. § 1983 where a prison official files disciplinary charges in retaliation for an inmate's exercise of constitutional rights. But an inmate's retaliation claim fails if the alleged retaliatory conduct violations were issued for the actual violation of a prison rule. Thus, a defendant may successfully defend a retaliatory discipline claim by showing "some evidence" the inmate actually committed a rule violation. [A] report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as "some evidence" upon which to base a prison disciplinary violation, if the violation is found by an impartial decisionmaker.

*Bandy-Bey v. Crist*, 578 F.3d 763, 766 (8th Cir. 2009) (internal quotation marks and citations omitted) (alteration in *Bandy-Bey*).

The undisputed evidence before the Court shows that Lewis issued a conduct violation to Woods on June 24 for sexual misconduct, creating a disturbance, and disobeying an order. Lewis detailed in his report that when he went to Woods' shower and told him to hurry up, Woods was masturbating and said that he would be done when he was done.[16] At a disciplinary hearing, it was determined that Woods was openly masturbating in the shower, and Woods was found guilty of the violation.[17] There is no evidence that the decisionmaker was not impartial.

---

[16] Deft.'s Exh. C.
[17] Deft.'s Exh. D.

Although Woods denies that he engaged in the offending conduct, Lewis's report legally suffices as "some evidence" that Woods actually committed the rule violation. Therefore, Woods' retaliation claim fails and Lewis is entitled to summary judgment.

**Conclusion**

For the reasons set out above, Lewis is entitled to summary judgment on Woods' constitutional claims. Because I will dismiss all claims over which this Court has original jurisdiction, I decline to exercise supplemental jurisdiction over Woods' state law claims of negligence and negligent infliction of emotional distress. 28 U.S.C. § 1367(c)(3). *See also Anderson v. Franklin Cnty., Mo.*, 192 F.3d 1125, 1131 (8th Cir. 1999); *American Civil Liberties Union v. City of Florissant*, 186 F.3d 1095, 1098-99 (8th Cir. 1999) (when state and federal claims are joined and all federal claims are dismissed on a motion for summary judgment, state claims are ordinarily dismissed without prejudice); *Willman v. Heartland Hosp. E.*, 34 F.3d 605, 613-14 (8th Cir. 1994) (same).

Accordingly,

**IT IS HEREBY ORDERED** that defendant Jonathan Lewis's Motion for Summary Judgment [38] is granted as to plaintiff Darrell Woods' Eighth Amendment claims of sexual abuse and harassment, and his First Amendment claim of retaliation, and these claims are dismissed with prejudice.

**IT IS FURTHER ORDERED** that Woods' remaining state law claims of negligence and negligent infliction of emotional distress are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

An appropriate Judgment is entered herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 19th day of March, 2018.